UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61387-BLOOM/Valle

SAFRAH ALI,

      Plaintiff,

v.

LH ALLIANCE INC., *a Florida*
*corporation doing business as*
Alliance Property Systems and
VILLAGE SQUARE CONDOMINIUM
ASSOCIATIONS, INC.,

      Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon two Motions to Dismiss filed by Defendants Village Square Condominium Association, Inc. ("Village Square"), ECF No. [7], and LH Alliance, Inc. ("LH"), ECF No. [9] (together, the "Motions"). The Court has considered the Motions, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons explained below, the Motions are granted in part.

### I.    BACKGROUND

This case arises as a result of a disagreement regarding the amount due following a special assessment. Plaintiff Safrah Ali ("Plaintiff" or "Ali") was the owner of a one-bedroom condominium unit that formed part of Village Square. ECF No. [1] ¶ 19. As a member of the homeowner's association, Ali was required to pay monthly maintenance charges to Village Square and along with other members, was responsible for payment of any special assessments validly enacted by the homeowners' association board and/or members. *Id.* In 2017, the owners were subject to a special assessment for various projects to improve the property, according to which

one-bedroom unit owners would owe $12,229.82. *Id*. ¶ 21; ECF No. [1-1]. Ali was given the option to pay the special assessment in monthly installments, with payments to begin on January 1, 2018. ECF No. [1] ¶ 21. Ali alleges that she began to make monthly payments on the special assessment around September, 2017, before the first payment due date. *Id*.

On or about December 12, 2018, Ali sold her condominium unit to a third party purchaser, and the amount of the special assessment payoff total became a point of contention between Ali and Village Square and LH (together, "Defendants"). *Id*. ¶ 22. An estoppel certificate letter delivered to the closing agent at the time of sale of Ali's unit indicates that Ali owed $16,436.50 for the special assessment, which Ali contends inflates and contradicts the previous amount of $12,229.82. *Id*. ¶¶ 23-24. As such, Ali maintains that Defendants have wrongfully refused to refund the amounts they collected at the closing. *Id*. ¶ 25.

As a result, Ali asserts claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55-559.785, against both Defendants (Counts 1 and 2), and for breach of contract against Village Square (Count 3). Defendants now seek dismissal with prejudice of Ali's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on

"'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III.    DISCUSSION

#### A.  Village Square's Motion to Dismiss

Village Square argues that Ali's claims should be dismissed because Village Square does not meet the statutory definition of a "debt collector" under the FDCPA or FCCPA, Ali fails to specify which subsection(s) of the FDCPA or FCCPA Village Square allegedly violated, Ali fails to allege that Village Square knowingly collected an incorrect debt in order to state a FCCPA claim, and the exhibits attached to the Complaint, ECF No. [1], expressly contradict the breach of contract claim.

At the outset, the Court notes that despite granting Ali's request for an extension of time to respond to Village Square's Motion, *see* ECF No. [14], the Response, ECF No. [17], was filed eight days late without explanation.[1] In addition, Ali responds in substance to part of Village Square's first argument only, and thus effectively concedes that her other claims are subject to dismissal. *See Brady v. Medtronic, Inc*. No. 13-CV-62199-RNS, 2014 WL 1377830, at \*6 (S.D. Fla. Apr. 8, 2014). "Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) (internal quotations and citation omitted). Nevertheless, the Court considers Village Square's arguments in turn.

##### i.   Village Square is not a "debt collector" subject to the FDCPA

Village Square argues that Ali fails to state a claim under the FDCPA because, as a condominium association, it was collecting special assessment fees incidental to its fiduciary duties to the property owners. Since Village Square was attempting to collect a debt owed to it

---

[1] Pursuant to Local Rule 7.1(c), the failure to file a timely response to a motion may be deemed sufficient cause for granting the motion by default.

directly, it is a creditor rather than a debt collector. Therefore, Village Square argues that it falls within one of the statutory exceptions to the definition of "debt collector" in the FDCPA. In response, Ali appears to concede that there was a fiduciary relationship between her and Village Square, but contends that the question remains as to whether Village Square's alleged falsification of the amount owed renders the relationship not bona fide under the statute. *See* ECF No. [17] ¶ 27. Upon review, the Court agrees that Village Square is not a "debt collector" subject to the FDCPA.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, this Section also provides, in relevant part, that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation . . . [or] (ii) concerns a debt which originated by such person . . . ." 15 U.S.C. § 1692a(6)(F).

Here, the Court need not consider in depth whether Village Square's alleged actions affect a fiduciary relationship because the allegations in the Complaint indicate that it was Village Square's board and/or members that approved the special assessment, that the assessment was payable to it, and therefore, that Village Square collected the allegedly inflated amount on a debt owed to it directly. Therefore, regardless of whether there was a bona fide fiduciary relationship between Village Square and Ali, Village Square is not a debt collector subject to the FDCPA because it is the originator of the debt and the debt is not owed or asserted to be owed to another. *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1361 (S.D. Fla. 2009) ("The consumer's creditors, the originators of the debt, are not considered debt collectors under the FDCPA."); *see also Padilla v.*

*Atl. Springs Condo. Assoc., Inc.*, No. 15-61177-CIV-MARTINEZ/GOODMAN, 2015 WL 12828117, at *5 (S.D. Fla. Dec. 18, 2015) (finding that "[a]ny debt collection action taken by a creditor on the debt owed to them does not fall within the debt collector definition of the FDCPA and FCCPA."), *report and recommendations adopted by Padilla v. Ritter, Zaretsky, Lieber & Jamie, LLP*, 2016 WL 7187855, at *1 (S.D. Fla. Jan. 6, 2016).

As a result, Ali fails to state a claim against Village Square for violations of the FDCPA, and Count 1 is due to be dismissed with prejudice.

### ii. The Complaint fails to state a claim under the FCCPA

Village Square maintains further that Ali's FCCPA claim should also be dismissed because it is not a debt collector under the FCCPA, Ali fails to identify which section of the FCCPA Village Square allegedly violated, and Ali fails to allege that Village Square had knowledge or the intent to collect the purportedly incorrect special assessment.

The FCCPA, Florida's equivalent to the federal FDCPA, requires substantially the same elements in order to state a claim for relief. *Ziemniak v. Goede & Adamczyk, PLLC*, No. 11-62286-CIV, 2012 WL 5868385, at *2 (S.D. Fla. Nov. 19, 2012) ("The FCCPA has parallel requirements [to the FDCPA] to state a claim.") (citation omitted). Notwithstanding the similarity, the elements are distinguishable in certain respects. "The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA. The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt." *Deutsche Bank Nat. Tr. Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013) (citing Fla. Stat. § 559.55(1)). "The second prong differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" *Id.* (citing *Bacelli v. MFP, Inc., et al.*, 729 F. Supp. 2d 1328 (M.D. Fla. 2010)); *see also Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1372 (S.D. Fla. 2011) ("[T]he FCCPA is not restricted to debt collectors, as Fla. Stat.

§ 559.72(7) specifically provides that 'in collecting consumer debts, *no person shall . . .*' engage in the prohibited collection practices delineated in the statute.") (citing *Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 812 (Fla. 4th DCA 2002)) (emphasis in original). "The third prong requires an act or omission prohibited by the FCCPA." *Foxx*, 971 F. Supp. 2d at 1114.

Because the FCCPA prohibits the acts of persons, and is not limited to debt collectors, Village Square's first argument fails. Nevertheless, Ali's FCCPA claim is insufficiently pleaded because she has not alleged facts to plausibly state that Village Square engaged in any acts or omissions prohibited by the FCCPA sufficient to satisfy the third prong. *See Locke v. Wells Fargo Home Mortg.*, No. 10-60286-Civ, 2010 WL 4941456, at *2 (S.D. Fla. Nov. 30, 2010) ("The Plaintiff's claim merely tracks the language of section 559.72(7) and such conclusory allegations will not prevent dismissal."). Accordingly, Count 2 of the Complaint is due to be dismissed.

### iii. The Complaint fails to state a claim for breach of contract

Village Square argues that Ali fails to state a claim for breach of contract because the exhibits attached to her Complaint contradict any such claim. Attached to the Complaint are the 2017 special assessment and a notice listing the applicable maintenance fees and special assessment payments effective January 1, 2018, ECF No. [1-1], a HUD-1 Settlement Statement, ECF No. [1-2], and an email chain containing a payoff amount and estoppel certificate, ECF No. [1-3]. Ali alleges that Village Square breached the special assessment. However, the Court need not consider whether the exhibits contradict the allegations because Ali has not alleged sufficient facts to give rise to a plausible claim based on this theory.

Under Florida law, the elements of breach of contract are: (1) the existence of a contract, (2) a breach thereof, and (3) damages flowing from the breach. *Knowles v. C.I.T. Corp.*, 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977). The Complaint is devoid of any factual allegations regarding the existence of a contract, though it appears that Ali contends that the special assessment and

notice, ECF No. [1-1], constitute a contract binding Village Square. As currently pleaded, however, the Complaint fails to state a claim. Accordingly, Count 3 is due to be dismissed.

**B.  LH's Motion to Dismiss**

In its Motion, LH similarly seeks dismissal of Ali's FDCPA and FCCPA claims, arguing that LH is not a debt collector subject to the FDCPA, Ali fails to allege which provision of the FCCPA LH allegedly violated, the exhibits contradict the allegations in the Complaint, and Ali fails to properly plead separate causes of action against the separate Defendants. Ali filed an untimely Response, ECF No. [16] ("Response"), in which she responds in substance to only parts of LH's arguments. Nevertheless, the Court considers each argument in turn.

**i.  LH is not a "debt collector" subject to the FDCPA**

Like Village Square, LH argues it is not a debt collector under the FDCPA because Ali affirmatively alleges that LH was an agent of Village Square and retained to manage, maintain, and service Ali's account with Village Square. *See* ECF No. [1] ¶ 3. Therefore, LH contends that it is exempted under the fiduciary obligation exception, as its acts were incidental to a bona fide fiduciary obligation, and not for debt collection purposes. In her Response, Ali contends that LH's argument is premature; however, upon review, her own affirmative allegations remove LH from the reach of the FDCPA.

First, creditors or assignees are not considered debt collectors under the FDCPA, so long as the debt was not in default at the time it was assigned. *See Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) ("[U]nder the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned.") (citing *Reese v. JPMorgan Chase & Co.,* 686 F. Supp. 2d 1291, 1308 (S.D. Fla 2009)). In this case, Ali does not allege that the debt was in default—and in fact, the allegations demonstrate the contrary. Ali alleges in the Complaint that the

payment term for the 2017 special assessment ran from October 15, 2017 through September 15, 2033. *See* ECF No. [1] ¶ 21. Moreover, Ali alleges that LH was retained by Village Square specifically to manage, maintain, and otherwise service her homeowner's association account. ECF No. [1] ¶ 3. As such, the allegations in the Complaint demonstrate that LH was servicing the alleged debt before it was in default. As such, LH is not a debt collector under the FDCPA. *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1265-66 (S.D. Fla. 2005); s*ee also Reynolds v. Gables Residential Servs., Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006) (dismissing FDCPA claim finding that property manager was not a debt collector because payments due were payable to defendant as property manager and not debt collector). As a result, Ali cannot state a claim against LH for violation of the FDCPA.

### ii.   The Complaint fails to state a claim under the FCCPA against LH

LH argues that Ali fails to state a claim under the FCCPA because she does not allege that LH had any knowledge or intent to collect the allegedly incorrect special assessment. Upon review, the Court finds that Ali fails to state a claim against LH for the same reasons its claim against Village Square fails. Therefore, Count 2 is due to be dismissed as to LH.

### iii.   LH's remaining arguments

Because the Court finds that the claims against LH should be dismissed upon the grounds already stated, the Court does not consider LH's remaining arguments for dismissal, except to note that the Court agrees that the Complaint does not comply with applicable pleading standards. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Shotgun pleadings fail to make the connection between "the

substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Although not the quintessential form, the Complaint is nevertheless a shotgun pleading in that it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . ." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motions, **ECF Nos. [7], [9]**, are **GRANTED IN PART AND DENIED IN PART**. Count 1 is dismissed with prejudice. Counts 2 and 3 are dismissed without prejudice. Plaintiff may file an amended complaint, **on or before August 30, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 23, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record